Lynn, J.,
concurring specially. I concur with the majority decision but write separately to emphasize the importance to the result reached that the case comes before us based upon a stipulation of facts, which includes the parties’ agreement that the irrevocable trust at issue is an excludable resource for purposes of the food stamp program. See Joint Stipulation of Fact ¶ 8 (“The Trust is not a countable resource for purposes of determining Kelly’s eligibility for benefits under the SSI, Medicaid and Food Stamp programs.”); see also 7 C.F.R. § 273.8(e)(8) (2016). Given that this stipulation has been in place throughout the proceedings before the agency and on appeal, it would be unfair to the parties were we now to call the stipulation into question in deciding the legal issues before us. We therefore properly accept the stipulation in deciding the present case.
However, since the petitioner’s future eligibility for food stamps presumably will require that she participate in the “ ‘recertification’ process mandated under both state and federal law,” Petition of Kalar, 162 N.H. 314, 321 (2011), and since the department has a continuing responsibility to *563 ensure that the requirements of the law and the regulations are met, id., I believe it important to note that the record raises at least some question as to whether the parties have properly analyzed how the regulations governing the food stamp program apply to the trust at issue in this case.
Because the parties’ stipulation includes their agreement that the trust qualifies as a special needs trust for Medicaid purposes, see 42 U.S.C. § 1396p(d)(4)(A), I also assume, without deciding, that this is correct. But merely because a trust qualifies as a special needs trust under Medicaid is not sufficient to make it an excludable resource for food stamp purposes. Section 273.8(e)(8) of the regulations provides, in relevant part, that “[rjesources having a cash value 'which is not accessible to the household, such as but not limited to, irrevocable trust funds” are to be excluded in determining whether the household meets the resource eligibility requirements of the food stamp program. 7 C.F.R. § 273.8(e)(8) (emphasis added). The regulation goes on to state:
Any funds in a trust or transferred to a trust, and the income produced by that trust to the extent it is not available to the household, shall be considered inaccessible to the household if:
(i) The trust arrangement is not likely to cease during the certification period and no household member has the power to revoke the trust arrangement or change the name of the beneficiary during the certification period;
(ii) The trustee administering the funds is either:
(A) A court, or an institution, corporation, or organization which is not under the direction or ownership of any household member, or (B) an individual appointed by the court who has court imposed limitations placed on his/her use of the funds which meet the requirements of this paragraph;
(iii) Trust investments made on behalf of the trust do not directly involve or assist any business or corporation under the control, direction, or influence of a household member; and
(iv) The funds held in irrevocable trust are either:
(A) Established from the household’s own funds, if the trustee uses the funds solely to make investments on. behalf of the trust or to pay the educat ional or medical expenses of any person named by the household creating the trust, or (B) established from non-household funds by a non-household member.
*564 Id. (emphasis added).
The hearings officer found that the trust, which was funded with the proceeds of the settlement of a personal injury lawsuit brought by or on behalf of the petitioner, was a self-funded trust — that is, one “[established from the household’s own funds,” id. § 273.8(e)(8)(iv)(A) — and neither party challenges that finding. However, the record before us raises a question as to whether the settlement proceeds ever actually passed through the hands of the petitioner before being placed in the trust. If the petitioner never had control of the settlement funds, there may be an issue as to whether the trust can properly be characterized as self-funded, as opposed to being funded by a “nonhousehold member,” Le., the tortfeasor or the tortfeasor’s insurance carrier. If the trust is not a self-funded trust, then the hearings officer’s decision is clearly in error because, as we point out, the trust is treated as inaccessible to the petitioner and distributions from the trust made to third parties by the trustee, as a matter of discretion rather than pursuant to a binding obligation to the petitioner, are properly treated as vendor payments excluded from income. See id. §§ 273.9(b)(2)(vi), 273.9(c)(1)(vii).
On the other hand, if the hearings officer was correct in treating the trust as a self-funded trust, her decision still seems to be erroneous, but for a different reason. Even assuming that all other criteria of 7 C.F.R. § 273.8(e)(8) are satisfied — and the record before us does not definitively establish that they are — the ostensibly self-funded trust does not appear to qualify as an excludable resource under this regulation because the trustee has not used the trust funds “solely to make investments on behalf of the trust or to pay the educational or medical expenses of any person named by the household creating the trust.” Id. § 273.8(e)(8)(iv)(A). The most apparent deviation from this requirement of the regulations is that trust funds were used to pay for legal services provided to the petitioner; but even the expenditure of trust funds for the payment of trust expenses and trust administration fees appears not to qualify as “investments on behalf of the trust” within the meaning of the regulation. Id.
Although the resource eligibility regulations found in 7 C.F.R. § 273.8 do not apply, as such, to the petitioner because she is categorically eligible for food stamps, § 273.8(e)(8) is relevant in determining whether distributions from the trust are included in the petitioner’s income because § 273.8(e)(8) is cross-referenced in 7 C.F.R. § 273.9, the section of the regulations that defines the types of income that are included and excluded for purposes of the food stamp program. Section 273.9(b)(2)(vi) specifically provides that “[mjonies which are withdrawn or dividends which are or could be received by a household from trust funds considered to be excludable resources under § 273.8(e)(8) . . . shall be considered income . . . unless otherwise *565 exempt under the provisions of paragraph (c) of this section.” However, if the trust does not meet the requirements of § 273.8(e)(8), the trust funds are deemed “accessible” to the household. And if the trust funds are accessible to the household, the trust is not treated as an entity separate from the household.
But it does not follow that if the trust is not “separate” from the petitioner’s household, all distributions from the trust are deemed to be income to her under 7 C.F.R. § 273.9, which is essentially the manner in which the hearings officer treated them. The settlement monies from which the trust was originally established would appear to qualify as a “lump-sum payment” as defined in 7 C.F.R. § 273.9(c)(8). Such monies are generally treated as a resource in the month received, rather than as income, for purposes of the food stamp program. See id. §§ 273.8(c)(1), 273.9(c)(8). Thus, in the absence of some other consideration which has not been brought to our attention, if the trust is regarded as an asset accessible to the petitioner, the income properly chargeable to her under 7 C.F.R. § 273.9(b)(2)(v) could not exceed the earnings of the trust, which, during the certification period at issue, amounted to $3,158.11 — far less than the legal fees, trust expenses and trust administrator fees that the hearings officer attributed to her as income. As with any other asset, withdrawals from the trust in excess of its earnings would appear not to be considered as income to the petitioner, but rather as a reduction of her capital (similar to a withdrawal from the principal of a savings account).